UNITED STATES, Appellee

v

RICHARD D. SACK, Airman First Class, U. S. Air Force, Appellant

18 USCMA 50, 39 CMR 50

No. 21,189

December 6, 1968

*Lieutenant Colonel Leonard Eichner* argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph E. Krysakowski* and *Colonel Dwight R. Rowland.*

*Major Donald B. Strickland* argued the cause for Appellee, United States. With him on the brief was *Colonel James R. Thorn.*

## Opinion of the Court

QUINN, Chief Judge:

The accused stands convicted of two specifications of desertion and one specification of escape from confinement, in violation of Articles 85 and 95, Uniform Code of Military Justice, 10 USC §§ 885 and 895, respectively.

At trial, the accused entered a plea of guilty to the escape charge and, as to each desertion specification, pleaded guilty to the lesser offense of unauthorized absence, in violation of Article 86, Code, supra, 10 USC § 886. Part of the evidence against him consisted of a typed statement, made after the first absence but before the second. Referring to the apprehension which terminated his first absence, he remarked that he "had no intention of turning . . . [himself] into the authorities," and he would have tried to get away. He also noted that his desire was to "get out of the Air Force." Trial counsel commented on these remarks in his final argument to the court members. He contended they were indicative of the accused's intention to remain away permanently during both periods of unauthorized absence.

The accused's statement had been obtained during interrogation at the Air Police station. Initially, the Air Police investigator and the accused "talked" about the offense; then the accused started to write out a statement, but his handwriting became "illegible" and the agent typed his remarks on an Air Force form. The typed statement was signed by the accused. Printed matter describing the accused's right to remain silent and the right to counsel during interrogation prefaced the typed material. Although the recitals do not explicitly set out the accused's right to appointed military counsel free of charge, we assume, for the purpose of this appeal, that they are sufficient to satisfy the requirements for threshold advice during custodial interrogation. United States v Westmore, 17 USCMA 406, 409, 38 CMR 204. However, at the beginning of the interrogation, the agent orally informed the accused of his rights. His testimony is to the effect that he told the accused he had a "right to legal counsel of his own choosing, and to have counsel

51

present during this interview." This advice was inadequate in that it did not indicate that if the accused did not wish to retain counsel of his own choosing at his own expense he was entitled to an appointed lawyer free of charge. United States v Pearson, 17 USCMA 204, 37 CMR 468; United States v Groover, 17 USCMA 295, 38 CMR 93. The oral and handwritten statements made by the accused before the typed statement were, therefore, inadmissible in evidence against him. It is apparent that the typed statement merely incorporated the accused's earlier remarks. It is also manifest that the typed statement was not separate in time, place, and circumstance from the earlier statements. Under the circumstances, the preamble of the typed statement is insufficient to attenuate the fatal defect in the initial advice. Westover v United States, 384 US 436, 494, 16 L Ed 2d 694, 86 S Ct 1602 (1966). See also United States v McCauley, 17 USCMA 81, 37 CMR 345. Cf. United States v Green, 7 USCMA 539, 23 CMR 3.

Government counsel contend that since the typed statement was made before the second act of ■■■■■ ■ desertion it should not affect the findings of guilty of that offense. We pointed out earlier that trial counsel argued the accused's

remarks as to his intent could be considered in determining his intent during his second unauthorized absence as well as during the first absence. The court members could have reasoned in similar fashion. In our opinion, therefore, the typed statement affected the findings of guilty of both specifications of desertion. However, the accused's plea of guilty to the lesser included offense of unauthorized absence supports appropriate findings of guilty as to those offenses. United States v McCauley, supra.

The decision of the board of review is reversed as to the Charge and its specification and Additional Charge I and its specification and the sentence. The record of trial is returned to the Judge Advocate General of the Air Force for resubmission to the board of review. In its discretion, the board of review may direct a rehearing as to the aforementioned charges and the sentence, or it may affirm findings of guilty of the lesser included offense of unauthorized absence as to each specification of desertion and reassess the sentence on the basis of these findings and the outstanding findings of guilty on the escape charge.

Judge FERGUSON concurs.